## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Ronald Itri, Maria Itri</u>
Plaintiff                                                           Case # _____
                                                                    Judge _____

vs.

<u>Theodore Kypreos, Jones Foster PA</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**EXHIBIT A**

NOT A CERTIFIED COPY

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☒ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☒ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION: [   ]**
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ yes
  ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☐ no
  ☒ yes If "yes," list all related cases by name, case number, and court.
  Estate of Charles V. Maravell v. Ronald Itri and Maria Itri, as Trustees of the E. Stacey Stevenson Maravell Trust, Case No. 2016CP001153

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
  ☐ yes
  ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Thomas J Gruseck Gruseck     Fla. Bar # 112224
    Attorney or party             (Bar # if attorney)

Thomas J Gruseck Gruseck        09/13/2023

- 3 -

NOT A CERTIFIED COPY

(type or print name)                              Date

IN THE CIRCUIT COURT IN AND FOR PALM BEACH COUNTY, FLORIDA
15TH JUDICIAL CIRCUIT

RONALD ITRI and
MARIA ITRI.,                              Case No.:

     Plaintiffs,

vs.

JONES FOSTER, P.A. and
THEODORE KYPREOS, ESQ.,

     Defendants.
_____/

## **COMPLAINT**

The Plaintiffs, RONALD ITRI and MARIA ITRI, sue the Defendants, JONES

FOSTER, P.A., and THEODORE KYPREOS, ESQ., and state the following:

## **GENERAL ALLEGATIONS**

1.  This is an action for money damages within the jurisdictional limits of this

Court.

2.  The Plaintiff, RONALD ITRI, is a natural person, is the husband of

Plaintiff, MARIA ITRI, is *sui juris*, and is a resident of Massachusetts.

3.  The Plaintiff, MARIA ITRI, is a natural person, is the wife of Plaintiff,

RONALD ITRI, is *sui juris*, and is a resident of Massachusetts.  (The Plaintiffs will

hereinafter be referred to collectively as "the ITRIs.")

4.  The Defendant, THEODORE KYPREOS, ESQ. (hereinafter

"KYPREOS"), is a natural person, upon information and belief is a resident of Palm

Beach County, Florida, is *sui juris*, and at all times material hereto was an attorney

licensed to practice law in the State of Florida, and practicing law as an employee of

Defendant, JONES FOSTER, P.A..

5.     The Defendant, JONES FOSTER, P.A., is a Florida professional services corporation licensed to do business in the State of Florida and doing business as a provider of legal services, having a principal place of business in Palm Beach County, Florida, and is vicariously liable for any and all acts and omissions of its employee, THEODORE KYPREOS, ESQ.

6.     Venue is proper inasmuch as all material transactions and occurrences alleged herein took place in Palm Beach County, Florida, and at least one of the Defendants is a resident of Palm Beach County, Florida.

7.     The Plaintiffs hired the Defendants to represent them in the matter of Charles V. Maravell v. Ronald Itri and Maria Itri, as Trustees of the E. Stacey Stevenson Maravell Trust, later captioned as Nicholas C. Maravell, as personal representative of the Estate of Charles V. Maravell v. Ronald Itri and Maria Itri, as Trustees of the E. Stacey Stevenson Maravell Trust, Case No. 2016CP001153, in the Circuit Court in and for Palm Beach County, Florida (hereinafter "the underlying lawsuit").

8.     MARIA ITRI is the daughter of E. Stacey Stevenson Maravell, the Grantor of the E. Stacey Stevenson Maravell Trust, the Declaration of Trust of which was created on or about June 10, 2002 (hereinafter "the Trust").  Upon the death of E. Stacey Stevenson Maravell, the Plaintiffs herein became the co-trustees of the Trust.

9.     Charles V. Maravell was the husband of E. Stacey Stevenson Maravell, whom she married subsequent to raising MARIA ITRI.

10.     Nicholas C. Maravell is the son of Charles V. Maravell.  Charles V. Maravell brought the underlying lawsuit, but died while the case was pending, and

Nicholas C. Maravell continued the lawsuit as personal representative of his father's estate.

11.     The corpus of the Trust included valuable real property situated in Palm Beach County, Florida, which was the residence of E. Stacey Stevenson Maravell and her husband, Charles V. Maravell (hereinafter "the property").

12.     The underlying lawsuit arose from what purported to be a Fourth Amendment to the Trust, which amendment provided that upon the death of E. Stacey Stevenson Maravell, the trustees were to deed the property to Charles V. Maravell.

13.     Following the death of E. Stacey Stevenson Maravell, Nicholas C. Maravell demanded that RONALD ITRI and MARIA ITRI deed the property to his father, Charles V. Maravell, pursuant to the Fourth Amendment to the Trust, and Charles V. Maravell brought suit when the ITRIs did not immediately agree to do so.

14.     RONALD ITRI and MARIA ITRI asserted various affirmative defenses, including but not limited to:  a.) that the Fourth Amendment to the Trust did not represent the intentions of E. Stacey Stevenson Maravell for the property at the time of her death (an original executed copy of the Fourth Amendment was not available, and was contrary to her expressed wishes to the ITRIs); b.) that the Fourth Amendment was procured by undue influence by Charles V. Maravell; c.) that the suspicious circumstances of E. Stacey Stevenson Maravell's death were such that she very likely died as a result of injuries incurred from an attack by Charles V. Maravell himself,[1] which would disqualify

---

[1] MARIA ITRI had the custom of calling and speaking with her mother and Charles V. Maravell every morning, but on January 4, 2015 called repeatedly with no answer.  When she requested building management to check on them, Charles V. Maravell opened the door a crack and said "We are fine."  When MARIA ITRI still could not get through on the phone on January 5, 2015, the police came to the property for a wellness check and found the front door barricaded, E. Stacey Stevenson Maravell lying unconscious on the floor with a black eye and covered with ants, and Charles V. Maravell sitting in the bedroom.  E. Stacey Stevenson Maravell was put on life support and died 10 days later.  Charles V. Maravell never

him from inheriting the property under Florida law; and d.) that the co-trustees were entitled to reimbursement for significant costs that they sustained in the maintenance of the property in their role as co-trustees, and any damages awarded to the Plaintiff in the underlying suit would have to be netted out with these costs.

15.    Throughout the underlying lawsuit, RONALD ITRI requested repeatedly that KYPREOS take certain actions to develop and support the affirmative defenses, including:  a.) that he depose Charles V. Maravell, who was elderly and beginning to show signs of mental decline, to preserve his testimony before the latter died or became incapacitated; b.) that he depose Charles V. Maravell's daughter, Constance Joy Guitan; c.) that he propound certain interrogatories that went towards the affirmative defenses; d.) that he obtain medical records of Charles V. Maravell and depose his doctor as to Charles V. Maravell's mental capacity; and e.) that he depose Janice Healey, whom Nick Maraell had hired to be a coordinator and advocate of services for his father.

16.    KYPREOS failed to depose Charles V. Maravell before the latter died.

17.    KYPREOS refused to depose Constance Joy Guitan.

18.    KYPREOS propounded interrogatories to the Plaintiff in the underlying lawsuit designed to support the affirmative defenses and in particular the very suspicious circumstances surrounding the death of E. Stacey Stevenson Maravell.   The interrogatories were largely drafted by RONALD ITRI due to KYPREOS's inaction. The interrogatories were answered, purportedly by Charles V. Maravell with assistance from Nicholas C. Maravell, however the answers to every single interrogatory was "I do

---

visited her in the hospital, did not attend her funeral or send condolences, and never spoke of her or her death afterwards.

not remember." KYPREOS made no attempt to follow up on this through a motion to compel better answers or a deposition of anyone involved or in any other way.

19.     KYPREOS failed to complete the medical discovery as to Charles V. Maravell's mental capacity.

20.     KYPREOS failed to depose Janice Healey.

21.     When KYPREOS eventually withdrew from the case, and the ITRIs' motion to continue the trial was denied, the ITRIs were forced to accept a settlement on the eve of trial in March 2022 that was much less favorable to them than if KYPREOS had performed the discovery that could have established and supported their various affirmative defenses; the property was deeded to the heirs of Charles V. Maravell, and the ITRIs received a cash settlement that was a small fraction of their costs incurred maintaining the property.

<u>COUNT I:  LEGAL MALPRACTICE</u>
<u>(AS TO THEODORE KYPREOS, ESQ. )</u>

22.     The Plaintiffs reallege the allegations of paragraphs 1 through 21 and incorporate them herein by reference as if fully set forth hereat.

23.     This is an action for damages for legal malpractice.

24.     At all times material hereto, the Defendant, THEODORE KYPREOS, ESQ. agreed to represent and undertook to represent the ITRIs with respect to the underlying lawsuit.

25.     At all times material hereto, the Defendant, THEODORE KYPREOS, ESQ., had a duty to exercise that degree of skill and care in representing the ITRIs commensurate with the prevailing professional standard of care.

26.     Defendant, THEODORE KYPREOS, ESQ. was careless, negligent, and breached his duty of professional care by omission and commission of various acts, including but not limited to the following:

a.)     Failing to provide Plaintiff with competent representation in derogation of Rule 4-1.1 of the Rules of Professional Conduct;

b.)     Failing to investigate the case fully and adequately to identify material witnesses;

c.)     Failing to depose material witnesses, including but not limited to Charles V. Maravell, Constance Guitan, Janice Healey, and Charles V. Maravell's doctor, and failing to preserve their testimony;

d.)     Failing to compel better answers to interrogatories and/or following up on inadequate answers with further discovery;

e.)      Failing to bring a claim for affirmative relief for the ITRIs' costs incurred as co-trustees, rather than having it as an affirmative defense, and otherwise failing to develop and prosecute this valuable claim.

f.)     by such other negligence as discovery may reveal.

27.     The aforesaid acts and/or omissions on the part of the Defendant, THEODORE KYPREOS, ESQ., fell below the standard of care required of him by his training, experience and the prevailing standard of care.

28.     As a direct, proximate and foreseeable result of the negligence of the Defendant, THEODORE KYPREOS, ESQ., MARIA ITRI was unable to inherit the property from her mother, and the ITRIs were unable to recoup the significant costs sustained maintaining the property.

29.     The Defendants, THEODORE KYPREOS, ESQ. and JONES FOSTER, P.A., are jointly and severally liable for all damages sustained by the ITRIs.

6

WHEREFORE the Plaintiffs, RONALD ITRI and MARIA ITRI, demand judgment against the Defendant, THEODORE KYPREOS, compensatory damages, prevailing party costs, and all such other relief as may appear just and appropriate under the circumstances, for the foregoing reasons.

**COUNT II:  LEGAL MALPRACTICE**
**(AS TO JONES FOSTER, P.A.)**

30.     The Plaintiff realleges the allegations of paragraphs 1 through 21 and incorporates them herein as if fully set forth hereat.

31.     This is an action for damages for legal malpractice.

32.     At all times material hereto, the Defendant, JONES FOSTER, P.A. employed KYPREOS, and KYPREOS represented the Plaintiffs as an employee of JONES FOSTER, P.A., such that JONES FOSTER, P.A. is vicariously liable for any acts or omissions committed by KYPREOS.

33.     At all times material hereto, the Defendant, KYPREOS had an active duty to exercise that degree of skill and care in representing the Plaintiffs commensurate with the prevailing professional standard of care, for which JONES FOSTER, P.A. would be passively or vicariously responsible.

34.     KYPREOS was careless, negligent and breached his duty of professional care by omission and commission of various acts for which JONES FOSTER, P.A., is vicariously liable, including but not limited to the following:

a.)     Failing to provide Plaintiff with competent representation in derogation of Rule 4-1.1 of the Rules of Professional Conduct;

b.)     Failing to investigate the case fully and adequately to identify material witnesses;

c.) Failing to depose material witnesses, including but not limited to Charles V. Maravell, Constance Guitan, and Charles V. Maravell's doctor, and failing to preserve their testimony;

d.) Failing to compel better answers to interrogatories and/or following up on inadequate answers with further discovery;

e.) Failing to bring a claim for affirmative relief for the ITRIs' costs incurred as co-trustees, rather than having it as an affirmative defense, and otherwise failing to develop and prosecute this valuable claim.

f.) by such other negligence as discovery may reveal.

35. The aforesaid acts and/or omissions on the part of KYPREOS, for which JONES FOSTER, P.A. is vicariously liable, fell below the standard of care required of him by his training, experience and the prevailing standard of care.

36. JONES FOSTER, P.A. also had its own independent duty to supervise its employee, KYPREOS, as to how he was conducting the case, and to ensure that he was meeting the prevailing professional standards of care.

37. JONES FOSTER, P.A. breached its duty to properly supervise KYPREOS, thus allowing his acts and omissions to damage the ITRIs.

38. As a direct, proximate and foreseeable result of both the active negligence of KYPREOS, for which JONES FOSTER, P.A. is vicariously liable, and the active negligence of JONES FOSTER, P.A. itself in failing to properly supervise KYPREOS's conduct of the case, MARIA ITRI was unable to inherit the property from her mother, and the ITRIs were unable to recoup more than a small fraction of the significant costs that they sustained maintaining the property.

39. KYPREOS and JONES FOSTER, P.A. are jointly and severally liable for all damages sustained by the ITRIs as a result of the Defendants' negligence.

WHEREFORE the Plaintiffs, RONALD ITRI and MARIA ITRI, demand judgment against the Defendant, JONES FOSTER, P.A., compensatory damages, prevailing party costs, and all such relief as appears just and appropriate under the circumstances, for the foregoing reasons.

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiff hereby demands jury trial as to all issues so triable.

DATED THIS 28th DAY OF AUGUST, 2023.

THOMAS J. GRUSECK, ESQ.

/s/ Thomas J. Gruseck
_____
500 S. Australian Ave., Suite 600
West Palm Beach, FL  33401
Tel:  (561) 676-8681
t.gruseck@gmail.com
Fla. Bar No. 0112224
*Attorney for Plaintiffs*

IN THE CIRCUIT COURT IN AND FOR PALM BEACH COUNTY, FLORIDA
15TH JUDICIAL CIRCUIT

RONALD ITRI and             Case No.:
MARIA ITRI.,

             Plaintiffs,

vs.

JONES FOSTER, P.A. and
THEODORE KYPREOS, ESQ.,

             Defendants.

_____/

## SUMMONS

YOU ARE COMMANDED to serve this Summons in this action on Defendant:

**THEODORE KYPREOS, ESQUIRE**
**505 S. Flagler Dr., Suite 1100, West Palm Beach, FL  33401**

or upon any other party duly designated or legally capable of receiving such papers for the Defendant.

Defendant is required to serve written defenses to the Plaintiff on Plaintiff's Attorney:

Thomas J. Gruseck, Esq., 500 South Australian Avenue, Suite 600, West Palm Beach, FL 33401

within twenty (20) days after service of this Summons on Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this Court located at:

**Clerk of Courts, Palm Beach County Courthouse, 205 N. Dixie Highway, West Palm Beach, FL  33401**

either before service on Plaintiff's Attorney or immediately thereafter.  If Defendant fails to do so, a Default judgment will be entered against Defendant for the relief demanded in the Complaint.

WITNESS my hand and seal of this Court on this ____ day of _____, 2023.

JOSEPH ABRUZZO           BY: _____
CLERK OF COURTS                     DEPUTY CLERK

1

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the "Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefónica no lo protegerá.  Si Usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas.  Si Usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requísites legales.  Si lo desea, puede Usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá Usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff's Attorney" (Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocet.  Si vous ne connaissez pas d'avocat, vous pourriez telephone a un service de reference d'avocat ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en mem temps que cette formalite, faire parvenir ou expediter une copie de votre reponse ecrite au "Plaintiff's Attorney" (Plaignant ou a son avocet) nomme ci-dessous.

Plaintiff's Attorney:
Thomas J. Gruseck, Esquire
500 South Australian Avenue, Suite 600
West Palm Beach, FL  33401
Florida Bar No. 0112224

2

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

### STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues [1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

_____
[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

---

Administrative Circuit Judge

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

"If you are a **person with a disability** who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una **persona minusválida** que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon **moun ki enfim** ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT IN AND FOR PALM BEACH COUNTY, FLORIDA
15TH JUDICIAL CIRCUIT

RONALD ITRI and                              Case No.:
MARIA ITRI.,

                     Plaintiffs,

vs.

JONES FOSTER, P.A. and
THEODORE KYPREOS, ESQ.,

                     Defendants.
_____/

## SUMMONS

YOU ARE COMMANDED to serve this Summons in this action on Defendant:

**JONES FOSTER, P.A., c/o Larry B. Alexander as Registered Agent of**
    **Defendant's Registered Agent, Jones Foster Service, LLC**
**505 S. Flagler Dr., Suite 1100, West Palm Beach, FL 33401**

or upon any other party duly designated or legally capable of receiving such papers for the Defendant.

Defendant is required to serve written defenses to the Plaintiff on Plaintiff's Attorney:

Thomas J. Gruseck, Esq., 500 South Australian Avenue, Suite 600, West Palm Beach, FL 33401

within twenty (20) days after service of this Summons on Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this Court located at:

**Clerk of Courts, Palm Beach County Courthouse, 205 N. Dixie Highway, West Palm Beach, FL 33401**

either before service on Plaintiff's Attorney or immediately thereafter. If Defendant fails to do so, a Default judgment will be entered against Defendant for the relief demanded in the Complaint.

WITNESS my hand and seal of this Court on this ____ day of _____, 2023.

JOSEPH ABRUZZO                    BY: _____
CLERK OF COURTS
                                  DEPUTY CLERK

1

NOT A CERTIFIED COPY

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the "Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si Usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si Usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requísites legales. Si lo desea, puede Usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá Usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff's Attorney" (Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocet. Si vous ne connaissez pas d'avocat, vous pourriez telephone a un service de reference d'avocat ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en mem temps que cette formalite, faire parvenir ou expediter une copie de votre reponse ecrite au "Plaintiff's Attorney" (Plaignant ou a son avocet) nomme ci-dessous.

Plaintiff's Attorney:
Thomas J. Gruseck, Esquire
500 South Australian Avenue, Suite 600
West Palm Beach, FL 33401
Florida Bar No. 0112224

2

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues [1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

_____
**Administrative Circuit Judge**

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

NOT A CERTIFIED COPY



**JOSEPH ABRUZZO**

**RECEIPT**
5041036

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
09/13/2023 03:40
Page 1 of 1

| Receipt Number: 5041036 - Date 09/13/2023  Time 3:40PM | | | |
|---|---|---|---|
| **Received of:** | Law Office of Thomas J. Gruseck, P.A.<br>500 S. Australian Ave.<br>Suite 600<br>West Palm Beach, FL 33401 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 421.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 421.00 |
| **Receipt ID:** | 11430031 | **Remaining Balance:** | 0.00 |
| **Division:** | AD: Circuit Civil Central - AD(Civil) | | |

| Case# 50-2023-CA-013691-XXXA-MB -- PLAINTIFF/PETITIONER: ITRI, RONALD | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 421.00 | 421.00 | 0.00 |
| **Case Total** | **421.00** | **421.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_ACH | 8918348 | 421.00 |
| **Total Received** | | **421.00** |
| **Total Paid** | | **421.00** |



**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

IN THE CIRCUIT COURT IN AND FOR PALM BEACH COUNTY, FLORIDA
15TH JUDICIAL CIRCUIT

RONALD ITRI and
MARIA ITRI.,

Case No.:
**502023CA013691XXXAMB AD**

Plaintiffs,

vs.

JONES FOSTER, P.A. and
THEODORE KYPREOS, ESQ.,

Defendants.

_____/

## SUMMONS

YOU ARE COMMANDED to serve this Summons in this action on Defendant:

**THEODORE KYPREOS, ESQUIRE**
**505 S. Flagler Dr., Suite 1100, West Palm Beach, FL 33401**

or upon any other party duly designated or legally capable of receiving such papers for the Defendant.

Defendant is required to serve written defenses to the Plaintiff on Plaintiff's Attorney:

Thomas J. Gruseck, Esq., 500 South Australian Avenue, Suite 600, West Palm Beach, FL 33401

within twenty (20) days after service of this Summons on Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this Court located at:

**Clerk of Courts, Palm Beach County Courthouse, 205 N. Dixie Highway, West Palm Beach, FL 33401**

either before service on Plaintiff's Attorney or immediately thereafter. If Defendant fails to do so, a Default judgment will be entered against Defendant for the relief demanded in the Complaint.

WITNESS my hand and seal of this Court on this _____ day of **Sep 18 2023** 2023.

JOSEPH ABRUZZO
CLERK OF COURTS

BY: _____

DEPUTY CLERK
**JOSIE LUCCE**

1

NOT A CERTIFIED COPY

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the "Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si Usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si Usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requísites legales. Si lo desea, puede Usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá Usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff's Attorney" (Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocet. Si vous ne connaissez pas d'avocat, vous pourriez telephone a un service de reference d'avocat ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en mem temps que cette formalite, faire parvenir ou expediter une copie de votre reponse ecrite au "Plaintiff's Attorney" (Plaignant ou a son avocet) nomme ci-dessous.

Plaintiff's Attorney:
Thomas J. Gruseck, Esquire
500 South Australian Avenue, Suite 600
West Palm Beach, FL 33401
Florida Bar No. 0112224

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

Filing # 181952796 E-Filed 09/15/2023 06:35:33 PM

IN THE CIRCUIT COURT IN AND FOR PALM BEACH COUNTY, FLORIDA
15TH JUDICIAL CIRCUIT

RONALD ITRI and
MARIA ITRI.,

Case No.:

**502023CA013691XXXAMB AD**

            Plaintiffs,

vs.

JONES FOSTER, P.A. and
THEODORE KYPREOS, ESQ.,

            Defendants.

_____/

## SUMMONS

YOU ARE COMMANDED to serve this Summons in this action on Defendant:

**JONES FOSTER, P.A., c/o Larry B. Alexander as Registered Agent of
    Defendant's Registered Agent, Jones Foster Service, LLC
505 S. Flagler Dr., Suite 1100, West Palm Beach, FL 33401**

or upon any other party duly designated or legally capable of receiving such papers for
the Defendant.

Defendant is required to serve written defenses to the Plaintiff on Plaintiff's Attorney:

Thomas J. Gruseck, Esq., 500 South Australian Avenue, Suite 600, West Palm Beach, FL
33401

within twenty (20) days after service of this Summons on Defendant, exclusive of the day
of service, and to file the original of the defenses with the clerk of this Court located at:

**Clerk of Courts, Palm Beach County Courthouse, 205 N. Dixie Highway, West Palm
Beach, FL 33401**

either before service on Plaintiff's Attorney or immediately thereafter. If Defendant fails
to do so, a Default judgment will be entered against Defendant for the relief demanded in
the Complaint.

WITNESS my hand and seal of this Court on this ____ day of **Sep 18 2023**, 2023.

JOSEPH ABRUZZO
CLERK OF COURTS

BY: _____

DEPUTY CLERK
**JOSIE LUCCE**

1

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the "Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si Usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si Usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requísites legales. Si lo desea, puede Usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá Usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff's Attorney" (Abogado del Demandante).

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocet. Si vous ne connaissez pas d'avocat, vous pourriez telephone a un service de reference d'avocat ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en mem temps que cette formalite, faire parvenir ou expediter une copie de votre reponse ecrite au "Plaintiff's Attorney" (Plaignant ou a son avocet) nomme ci-dessous.

---

Plaintiff's Attorney:
Thomas J. Gruseck, Esquire
500 South Australian Avenue, Suite 600
West Palm Beach, FL 33401
Florida Bar No. 0112224

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

"**If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**"

"**Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**"

"**Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.**"