**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 23-CV-81384-ROSENBERG

RONALD ITRI and
MARIA ITRI,

      Plaintiffs/Counter-Defendants,

v.

JONES FOSTER P.A. and
THEODORE KYPREOS, ESQ.,
      Defendants/Counter-Plaintiffs.
_____/

## DEFENDANT/COUNTER-PLAINTIFFS', JONES FOSTER, P.A., AND THEODORE KYPREOS, ESQ., MOTION FOR ORDER TO SHOW CAUSE

Defendants/Counter-Plaintiffs, JONES FOSTER P.A. and THEODORE KYPREOS, ESQ. ("Defendants"), through counsel and pursuant to the Fed. R. Civ. P. 37, hereby files their Motion for Order to Show Cause why the Plaintiffs, RONALD ITRI and MARIA ITRI, should not be held in contempt and/or otherwise sanctioned for failing to comply with a court order, and as grounds thereof, state as follows:

1. On April 5, 2024, the Defendants served certain notices of taking depositions, including the in-person depositions of Plaintiff, RONALD ITRI on April 22, 2024, at 10:00 a.m. A copy of the Defendants' Amended Notices of Taking Depositions of Ronald Itri is attached hereto as **"Exhibit A**.**"**

2. On April 19, 2024, Plaintiffs' counsel filed a Motion for Protective Order and Incorporate Memorandum of Law [DE 22] ("Plaintiffs' Motion"). Among other things, the Plaintiffs argued that they should not be compelled to appear in Florida for their depositions and that Defendants could depose them via zoom. Alternatively, Plaintiffs argued that the Defendants

should be required to wait until shortly before trial to depose the Plaintiff sin person to limit their travel.

3. The depositions were postponed while the parties engaged in a series of meet and confers.

4. The parties were unable to agree on how Plaintiff, RONALD ITRI, would be deposed and on May 31, 2024, Defendants filed a Motion to Compel [DE 31] that sought, in part, a determination from the Court regarding whether Plaintiff, RONALD ITRI must appear in the State of Florida to be deposed in-person.

5. On June 12, 2024, the Court held a hearing on the Motion to Compel and, following the hearing, entered an Order [DE 34] granting Defendants' Motion to Compel in part. A copy of the June 12, 2024 Order attached as "**Exhibit B**."

6. Specifically, the June 12, 2024 Order directs the Plaintiff, Ronald Itri, to do one of the following:

> (1) Appear for deposition in Florida at a time mutually agreed to by the parties, **OR**
>
> (2) Pay the reasonable travel and hotel expenses for one of Defendants' lawyers to travel to Massachusetts to depose Mr. Itri in that state. Reasonable travel expenses include airfare, hotel, taxi cabs, and meals occasioned by travel.

Exhibit B.

7. On June 13, 2024, undersigned counsel, Ryan M. Blitz, Esq., emailed Plaintiffs' counsel asking how Mr. Itri wished to proceed with his deposition and requested a response by the end of business on Monday, June 17, 2024. *See*, email string between Defendant's counsel and Plaintiffs' counsel attached as "**Exhibit C**." Mr. Blitz also left voicemail messages with Plaintiffs' counsel requesting same. After Plaintiffs' counsel did not respond, Mr. Blitz sent a follow-up

email with the same request, and asked for a response by the end of the day. Plaintiffs' counsel again did not provide a response. See Exhibit C.

8. To date, the Plaintiff's counsel has still not responded to the Defendants' counsel's requests.

9. This constitutes a violation of the June 12, 2024 Order.

10. The court has broad discretion to order sanctions under Rule 37(b)(2). *Emerick v. Fenick Indus., Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976). A party's failure to comply with a court order, or to provide, or permit discovery may result in orders regarding the failure as are just, including, "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." *See* Fed.R.Civ.P. 37(b)(2).

11. Plaintiffs' counsel's failure to comply with the June 12, 2024 Order has delayed the progression of critical discovery and necessarily disregards the substance of the Order.

12. As such, Defendants seek an order to show cause as to why the Plaintiffs should not be held in contempt or sanctions for failing to comply with the Court's June 12, 2024 Order.

13. Additionally, Defendants further request that Plaintiff, RONALD ITRI be ordered to immediately provide dates for his deposition – either in Florida or in Massachusetts (in which case Plaintiffs will pay the reasonable travel and hotel expenses).

WHEREFORE, Defendants/Counter-Plaintiffs, JONES FOSTER P.A. and THEODORE KYPREOS, ESQ., respectfully request that the Court grant this Motion for Order to Show Cause, enter an Order (i) granting Defendants/Counter-Claimants Motion for an Order to Show Cause, and, (ii) directing Plaintiff, RONALD ITRI, to show cause why he should not be sanctioned for failing to comply with the Court's June 12, 2024; (iii) ordering Plaintiff, RONALD ITRI, to

immediately provide deposition dates; (iv) entering any other appropriate sanctions under Fed. R. Civ. P. 37(b); awarding to Defendants' their attorneys' fees and costs incurred in filing this Motion; and (v) awarding any other relief the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. 7.1(a)(3), I hereby certify that counsel for the movant has attempted to confer with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of June, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: /s/ Seth A. Kolton, Esq.
Seth A. Kolton, Esq.
Florida Bar No. 21045
Matthew A. Tornincasa, Esq.
Florida Bar No. 0057698
Ryan M. Blitz, Esq.
Florida Bar No. 1033386
**SHENDELL & POLLOCK, P.L.**
A*ttorneys for Defendants*
2700 North Military Trail - Suite 150
Boca Raton, Florida 33431
Phone: (561) 241-2323
Fax:    (561) 241-2330
seth@shendellpollock.com
matt@shendellpollock.com
ryan@shendellpollock.com
donna@shendellpollock.com
corrie@shendellpollock.com
grs@shendellpollock.com

*Itri, et al., v. Jones Foster, P.A., et al.*
Case No.: 23-CV-81384-ROSENBERG

## Service List:

**Thomas J. Gruseck**
The Law Office of Thomas J. Gruseck, P.A.
500 S. Australian Avenue
Suite 600
West Palm Beach, FL 33401
t.gruseck@gmail.com
*Via email and CM/ECF NEF*