## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

RONALD ITRI and MARIA ITRI,        Case No.: 9:23-cv-81384-ROSENBERG

        Plaintiffs,

vs.

JONES FOSTER, P.A. and
THEODORE KYPREOS, ESQ.,

        Defendants.
_____/
JONES FOSTER, P.A.

        Counterclaimant,

vs.

RONALD ITRI and MARIA ITRI,

        Counter-Defendants.
_____/

**PLAINTIFFS/COUNTER-DEFENDANTS, RONALD AND MARIA ITRI'S MOTION FOR REHEARING AND/OR RECONSIDERATION AS TO ORDER OF JUNE 12, 2024 (DOCKET ENTRY 34) AND INCORPORATED MEMORANDUM OF LAW**

The Plaintiffs/Counter-Defendants, RONALD ITRI and MARIA ITRI (hereinafter collectively referred to as "ITRI"), by and through undersigned counsel, file this, their Motion for Rehearing and/or Reconsideration as to Order Dated June 12, 2024 (Docket Entry 34) and in support thereof would state the following:

1.      The Court heard the Defendants' motion to compel the deposition of the Plaintiff, RONALD ITRI, a resident of Massachusetts, as a s live, in-person deposition to take place at Defense Counsel's office in Boca Raton, Florida.  The Court considered the motion in light of the general rule that a plaintiff "may not avoid examination in [the] forum" in which he brought suit, as stated in *Levick v. Steiner Transocean, Ltd.*, 228

F.R.Dl 671, 672 (S.D. Fla. 2005), and in light of the Affidavit of Ronald Itri, as to whether the Plaintiff could show undue burden and hardship, as required by *Levick* to be excepted from the general rule.

2. The Court granted the motion to compel, finding the Affidavit of Ronald Itri insufficient to show the requisite undue burden and hardship, but did allow ITRI the option of paying for Defense Counsel to travel to Massachusetts, in light of RONALD ITRI's medical conditions.

3. At the time that the Affidavit of Ronald Itri was executed and filed, the Defendants were also seeking the live deposition in Florida of Plaintiff, MARIA ITRI, so the affidavit sets forth that MARIA ITRI suffers from aphasia and paralysis as a result of a stroke that she suffered in 2001. Although the issue of a deposition of MARIA ITRI was resolved prior to the hearing on the Defendants' Motion to Compel, the paragraph of the affidavit dealing with MARIA ITRI's conditions should still have been considered, as to how those conditions affect the ability of her husband and caretaker, RONALD ITRI, to travel to the forum. It appears from the language of the Order, however, that only the condition of RONALD ITRI was considered and found to be insufficient to constitute an undue burden and hardship under *Levick*. MARIA ITRI cannot travel without undue burden and hardship, and due to her paralysis, she cannot be left alone by RONALD ITRI, and the Court should therefore find that this indeed constitutes undue burden and hardship for RONALD ITRI under *Levick*, relieving him from the general rule.

4. The Affidavit of Ronald Itri is attached hereto as Exhibit "A" and incorporated herein by reference.

WHEREFORE the Plaintiffs/Counter-Defendants respectfully request this Honorable Court to grant this, their motion, and to enter an order: a.) vacating the Order of June 12, 2024 (Docket Entry 34) granting the Defendants' Motion to Compel; b.) allowing the matter to be reheard or reconsidered; c.) allowing for RONALD ITRI's deposition to be taken by video conference or by Defense Counsel traveling to Massachusetts at their own expense; and d.) granting any and all such further relief as may appear just and appropriate under the circumstances, for the foregoing reasons.

I HEREBY CERTIFY that a true copy of the foregoing has been provided by email this 12th day of June, 2024 to:.  Seth A. Kolton, Esq., 2700 North Military Trail, Suite 150, Boca Raton, FL  33431, seth@shendellpollock.com.

THOMAS J. GRUSECK, ESQ.

/s/ Thomas J. Gruseck
500 S. Australian Ave., Suite 600
West Palm Beach, FL  33401
Tel:  (561) 676-8681
t.gruseck@gmail.com
Fla. Bar No. 0112224
*Attorney for Ronald and Maria Itri*