UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81384-ROSENBERG

RONALD ITRI & MARIA ITRI,

    Plaintiffs,

v.

JONES FOSTER P.A., et al.,

    Defendants.
_____/

### ORDER GRANTING IN PART AND RESERVING IN PART ON THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Defendants' Motion for Summary Judgment at docket entry 44. The Plaintiffs filed their Response at docket entry 48. For the reasons set forth below, the Motion is granted in part and the Court reserves in part.

This is a case about legal malpractice. In the Plaintiffs' own words, the "central allegation" of the Plaintiffs' claims is that the Defendants failed to depose an individual in prior litigation. DE 48 at 3. As a result of that failure to depose, the Plaintiffs contend that they suffered damages and that the Defendants are liable for those damages. *Id.*

The Defendants have filed the Motion before the Court on three grounds. First, that the mere fact that the Defendants did not conduct a deposition does not render them liable for legal malpractice. Second, that the Defendants have an expert witness who will testify that the Defendants' actions in prior litigation did not violate any duty of care to the Plaintiffs. *See* DE 44 at 5 (wherein the expert opines: "Defendants' strategy and decisions regarding the discovery conducted in the Underlying Case were reasonable under the circumstances."). Third, and most importantly, that in the case before this Court an expert witness is *required* to prove legal

malpractice; the Plaintiffs' decision not to retain an expert is fatal to their claims. The Court focuses on this third point—whether an expert is required.

Because lay jurors have difficulty understanding the standard of care for a prudent attorney in legal malpractice cases, Florida courts generally require a plaintiff to establish the neglect of duty through expert testimony. *See Evans v. McDonald*, 313 F. App'x 256, 258 (11th Cir. 2009). There are exceptions to this general rule because not every legal malpractice case is complicated. Stated differently, when legal malpractice is "obvious," no expert is required. *Id.* By way of example, the plaintiff did not need an expert in *Anderson v. Steven R. Andrews, P.A.*, 692 So. 2d 237, 242 (Fla. Dist. Ct. App. 1997), because in that case the alleged malpractice was that an attorney failed to file a notice of appearance. Similarly, in *Galloway v. Law Offices of Merkle, Bright & Sullivan, P.A.*, 596 So. 2d 1205 (Fla. Dist. Ct. App. 1992), the plaintiff did not need an expert because the alleged malpractice was that an attorney did not file suit within the statute of limitations period. Conversely, in the case before this Court the alleged malpractice concerns litigation strategy.

Courts have required expert testimony in cases arising out of the criticism of legal strategy. *See Allen v. Lyons & Farrar P.A.*, No. 19-CV-578, 2022 WL 11625752 (N.D. Fla. Sept. 21, 2022). As one court explained:

> It is not obvious to this Court that Defendants' failure to do what Plaintiff says they should have done breaches their duties to Plaintiff, so there is no way this could be obvious to a layperson. Instead, a jury needs to hear expert testimony to delineate the standard of care with respect to Defendants' efforts investigating and litigating Plaintiff's… claim.

*Id.* at *6.

In response to the foregoing, the Plaintiffs' Response is mostly silent. The Plaintiffs do not acknowledge the foregoing case law, cite to it, or attempt to distinguish it. Instead, the

2

Plaintiffs argue without citation to authority that the Defendants' failure to depose a particular witness is so obviously legal malpractice that no expert is required. This Court does not agree for the following reasons.

Whether the Defendants should or should not have conducted the deposition at issue is no simple question. There is evidence in the record[1] that the witness suffered from early-stage Alzheimer's and was not competent to testify. *See* DE 45 at 4. There is also evidence in the record that the witness would have had no relevant information to the Plaintiffs' claims. *See id.* at 4-6. Finally, there is evidence in the record that the Plaintiffs' underlying claims would have reached the same (or worse) result, regardless of anything the witness may or may not have said. *See id.* In short, the alleged malpractice in this case is not "obvious." An expert is therefore required, pursuant to Florida law, and the Plaintiffs' claims for legal malpractice fail.

It is **ORDERED AND ADJUDGED** that the Defendants' Motion for Summary Judgment is **GRANTED** as to the Plaintiffs' claims for legal practice. At this time, the Court reserves on the issue of the Defendants' counterclaims for unpaid legal bills. The Court will address the counterclaims in a separate order, and the Defendants' Motion for Summary Judgment remains pending as to the counterclaims. The Defendants' Reply is due on September 3, 2024.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of August, 2024.

_____
UNITED STATES DISTRICT JUDGE
ROBIN L. ROSENBERG

---

[1] Because the Plaintiffs did not file a response to the Defendants' statement of material facts, the Court presumes all facts in support of the Defendants' Motion to be admitted. *See* Local Rule 56.1. Even if the facts were in dispute, however, the Defendants would still be entitled to summary judgment because there is no dispute that the Plaintiffs did not retain an expert in this case.