UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81384-ROSENBERG

RONALD ITRI & MARIA ITRI,

    Plaintiffs,

v.

JONES FOSTER P.A., et al.,

    Defendants.

_____/

## ORDER GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Defendants' Motion for Summary Judgment at docket entry 44. The Plaintiffs filed their Response at docket entry 48 and the Defendants filed their Reply at docket entry 54. On August 27, 2024, this Court granted the Defendants' Motion in part and reserved in part. DE 50. The Court reserved on the question of whether the Defendants were entitled to summary judgment on their counterclaims for unpaid legal bills. For the reasons set forth below, the Motion is granted and the Defendants are entitled to summary judgment on their counterclaims for unpaid legal bills.

To recover their unpaid legal bills, the Defendants have brought a claim for breach of contract.[1] Such a claim requires the Defendants to have evidence of the existence of a contract, a material breach of that contract, and damages resulting from the breach. *E.g., Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). As the Plaintiffs have admitted all facts in

---

[1] The Defendants have brought other counts in the alternative to their breach of contract claim, such as a count for quantum meruit, but each count seeks the same relief based upon the same underlying facts. Because the Defendants' additional claims are brought in the alternative and because the Defendants prevailed on their breach of contract claim, the Court does not address the Defendants' other claims.

support of the Defendants' Motion,[2] the Plaintiffs have admitted that they had a contract with the Defendants for the Defendants to provide legal services, that they breached the contract by failing to pay for the services, and that their failure to pay resulted in damages to the Defendants. DE 45 at 4, 8, 9.  The Plaintiffs have also admitted that their outstanding balance owed to the Defendants is $128,118.49. *Id.* at 9.

The Plaintiffs' opposition to the Defendants' counterclaim is limited to a single paragraph in their Response,[3] quoted below:

> Defendants move for summary judgment on their counterclaim for unpaid attorney's fees merely on the basis that there is no dispute as to the amount billed by the Defendants and the amount paid by the ITRI's. However, attorney's fees must be for activities performed that were reasonably necessary. *See, e.g.*, *City of Miami v. Harris*, 490 So. 2d 69, 73 (Fla. 3d DCA 1985); *Brake v. Murphy*, 736 So. 2d 745, 747 (Fla. 3d DCA 1999). In the instant case, there is a genuine issue of material fact as to the amount of activity that was necessary, inasmuch as the Defendants admit in their Motion for Summary Judgment that the ITRI's were not likely to prevail on their defenses, and the Defendants never advised the ITRI's of this. At some point relatively early on during a six-year representation, the Defendants should have advised the ITRI's that they were unlikely to prevail on their theories and saved them hundreds of thousands of dollars. It is noted that the case was referred to the Defendants by Charles Weiss, Esq., the attorney who drafted the trust documents. Defendants were in touch with Weiss, and need not have waited until his deposition relatively late in the case to know how Weiss would have testified as to the Fourth Amendment and factors impacting its validity.

DE 48 at 5-6.  This argument is unpersuasive for the following five reasons delineated in **bold** below.

---

[2] The Plaintiffs did not file a response to the Defendants' statement of material facts.  As a result, all of the Defendants' facts in support of their Motion are deemed admitted. *See* Local Rule 56.1.  The Court previously informed the Plaintiffs that it would strictly enforce the Local Rule requirements for statements of material fact at summary judgment. DE 10 at 12.

[3] The Plaintiffs author a second paragraph in opposition wherein they argue that the amount they owe should be adjusted downward because the Defendants did not send bills at regular monthly intervals.  That argument is meritless for all of the reasons set forth in the Defendants' Reply, and the Court does not otherwise address it.

2

**First**, the Plaintiffs' legal authority consists of two case citations. The Plaintiffs cite to those cases for the proposition that "attorney's fees must be for activities performed that were reasonably necessary." Neither case stands for that proposition, at least as applied to the question before this Court.

The first cited case, *City of Miami v. Harris*, involved prevailing party attorney's fees under 42 U.S.C. § 1988. *See* 490 So. 2d 69, 70 (Fla. Dist. Ct. App. 1985). That case therefore stands for the proposition that when fees are awarded against an adverse party under § 1988, the Court must only award fees that are reasonably necessary. *Id.* The second cited case, *Brake v. Murphy*, involved a contested claim for attorneys' fees by the attorney of the beneficiaries of an estate. *See* 736 So. 2d 745, 746-47 (Fla. Dist. Ct. App. 1999). Just as with *City of Miami*, *Brake* stands for the proposition that when a court awards fees to an adverse party, the underlying activity must have been reasonably necessary. *See id.* But Florida law is clear that *Brake* has no application to the situation before this Court—a breach of contract claim for unpaid legal bills between an attorney and a former client. *See Law Offices of Granoff & Kessler, P.A. v. Glass*, 305 So. 3d 345, 349 (Fla. Dist. Ct. App. 2020) ("In both *Brake* and *Seitlin*, attorney's fees were sought against adverse parties rather than a former client. Neither case involved an attorney's claim for breach of contract against a former client under an express agreement to pay fees for legal services provided by the attorney."). The Plaintiffs therefore lack any legal authority for the proposition that they are only required to pay for legal services that were reasonably necessary.[4]

---

[4] Relatedly, the Court does not understand how a jury could be asked to decide what legal fees were reasonably necessary. The Plaintiffs demand a trial by jury as to all issues in this case. DE 1-1 at 13.

3

**Second**, what then is the governing law over the Plaintiffs' obligation to pay their legal bills? Because the Defendants have brought a breach of contract claim, the governing law is the contract itself. Florida law is in accord. *See Kessler*, 305 So. 3d at 349 (declining to consider a reasonable attorney's fee when the case "involved an attorney's claim for breach of contract against a former client" who had previously expressly agreed to pay for legal services received). The contract executed by the parties reads as follows:

> In consideration for the legal services we render to you, we will bill you monthly, generally soon after the first of each month, for the legal services rendered and expenses incurred on your behalf during the immediately preceding month. This statement will be due and payable upon receipt by you. It is our Firm's policy to request a retainer which we will hold in

DE 9-1 at 2. The contract contains no "reasonably necessary" limitation.[5]

**Third**, on what evidentiary basis do the Plaintiffs dispute the Defendants' legal fees? For three reasons, they do not have one. First, they did not file a response to the Defendants' statement of facts. Second, they do not cite to any evidence[6] in the paragraph quoted above in their Response. Third, in the words of one Plaintiff at his deposition:

> Q. As you sit here right now, you have no position, one way or the other, on whether or not the amount of fees and costs charged to you by the Jones Foster firm was reasonable, correct?
>
> A. No knowledge as to what?
>
> ***
>
> Q. As you sit here right now, you have no knowledge as to whether the fees and charges to you by the Jones Foster firm were reasonable, do you?

---

[5] The Plaintiffs do not cite any authority for their position that attorneys may only bill their clients for their advocacy if the case is "likely to prevail." Finally, although the Florida Bar prohibits "clearly excessive" fees, the Plaintiffs do not cite to that provision, argue it, or provide evidence in support of the same. *See* Fla. R. Regulating Fla. Bar. 4-1.5(a).

[6] Even if the Court were to consider uncited evidence that can be located in the court file—a Plaintiff's affidavit—that evidence tends to support the Defendants' position on fees, not dispute it, for the reasons set forth in the Defendants' Reply.

> A. Were reasonable?
>
> Q. Yes, sir.
>
> A I don't know that they were reasonable, and I don't know that they're accurate.
>
> Q. In this case, are you challenging the reasonableness or the accuracy of the invoices?
>
> A. I have no opinion at this point.

DE 54 at 4.

**Fourth**, although the parties' contract permitted the Plaintiffs to terminate the Defendants' legal representation at any time or to inquire as to why certain fees were being charged, the Plaintiffs admit that they never objected to their legal bills or otherwise disputed the reasonableness of the Defendants' legal services.  Instead, the Plaintiffs simply decided not to pay:

> Q. …you recognized that at some point, you should have inquired as to the status of the invoices, to the extent you weren't getting them?
>
> A. Well, it didn't make any difference to me because I wasn't going to be paying any more than $500 a month, so he could send me whatever bill he wanted. To me, at that point, I didn't care. I was paying what I could pay.

*Id.* at 6.

**Fifth** and finally, much of the Plaintiffs' argument in opposition rests on the premise that the Defendants engaged in legal malpractice.  For example, the Plaintiffs argue that the Defendants "should have advised the ITRI's that they were unlikely to prevail on their theories."  But the Court has already granted summary judgment against the Plaintiffs and in favor of the Defendants on the Plaintiffs' allegations of legal malpractice. *See* DE 50.  The Plaintiffs are therefore not entitled to a "setoff" against the legal bills for the alleged malpractice, as their affirmative defense avers. DE 12 at 3.

5

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Defendants' Motion for Summary Judgment is **GRANTED** as to the Defendants' counterclaims. The Defendants shall submit a proposed final judgment in Microsoft Word format within two business days of the date of rendition of this order at rosenberg@flsd.uscourts.gov. As no active claims remain in this case, the Clerk of the Court shall mark the case as **CLOSED**. The Defendants' Response to the Plaintiffs' Motion to Amend at docket entry 51 remains due on September 11, 2024.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 5th day of September, 2024.

_____
UNITED STATES DISTRICT JUDGE
ROBIN L. ROSENBERG